IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. ALLEY, Plaintiff, v. DPW and WERNERSVILLE STATE HOSP., Defendants. | : | CIVIL ACTION NO. 14-3821 |

**MEMORANDUM OPINION**

Smith, J. August 4, 2014

The plaintiff, Michael J. Alley, brings this action against the defendants, "DPW" and Wernersville State Hospital, pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act.[1] Compl. for Employment Discrimination, Doc. No. 1-2. The plaintiff seeks to proceed *in forma pauperis*. *See* Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. No. 1. For the reasons set forth below, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court also will dismiss the complaint without prejudice to him filing an amended complaint.

**I. ALLEGATIONS AND PROCEDURAL HISTORY**

The plaintiff filed the complaint and an "Application to Proceed in District Court Without Preparing Fees or Costs" (the "IFP Motion") on June 10, 2014. In the complaint, the plaintiff generally alleges that the defendants discriminated against him in 2010 because he is white and disabled. Compl. for Employment Discrimination at 2, 3. In support of these assertions, the

[1] The court has interpreted the plaintiff's reference to "DPW" as referring to the Commonwealth of Pennsylvania, Department of Public Welfare because his has attached the Equal Employment Opportunity Commission's Notice of Right to Sue Letter to the complaint and the letter lists the Department of Public Welfare as the respondent. *See* Doc. No. 1-2.

plaintiff alleges that (1) he unsuccessfully bid on eight jobs; (2) he "wasn't offered a class like everyone else"; (3) he was harassed by another employee; (4) he was laughed at when he asked for certain equipment that would make his job safer and make him "more proficient." *Id.* at 3. Additionally, through his markings on the form complaint, the plaintiff indicates that the defendants discriminated against him by failing to hire him, terminating him, failing to promote him, failing to stop harassment against him, retaliating against him, and subjecting him to unequal terms and conditions of employment. *Id.* at 2-3. The plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued him a Notice of Right to Sue Letter (the "Letter") on April 14, 2014. Doc. No. 1-2. The Letter states that the plaintiff untimely filed his charge with the EEOC. *Id.*

## II. DISCUSSION

### A. The IFP Motion

Regarding motions to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing motions to proceed *in forma pauperis* under Section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[2]

[2] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of

Concerning the litigant's financial status, the litigant must establish that he is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

After reviewing the IFP Motion, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

**B. Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). A complaint is frivolous under Section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addressing whether a *pro se* plaintiff's complaint is frivolous, the Court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

---

poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

Regarding the analysis under Section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the plaintiff attempts to state a claim for employment discrimination. To state such a claim, the plaintiff must allege at least some facts supporting his claims that the defendants discriminated against him due to a disability and because he is white. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." (citation and internal quotation marks omitted)). After reviewing the complaint, the plaintiff has failed to describe the nature of his disability and the few facts alleged therein do not plausibly suggest that any adverse treatment he experienced during his employment was due to his race or disability. Accordingly, the plaintiff has failed to state a claim upon which relief may be granted.[3] *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Although the court will dismiss the complaint, the court must also address whether to provide the plaintiff with leave to amend the complaint. A district court should generally

[3] Additionally, the plaintiff had to timely file a charge with the Equal Employment Opportunity Commission "within 300 days of the allegedly unlawful employment practice." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e–5(e)(1)). If the plaintiff failed to do so, his claim in federal court is time-barred and the court will dismiss it as untimely. *See Mikula v. Allegheny County*, 583 F.3d 181, 185-86 (3d Cir. 2009).

provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, since the plaintiff has yet to set forth the facts underlying his claims, the court does not find that allowing him to file an amended complaint would be inequitable or futile. Therefore, the court will grant the plaintiff leave to file an amended complaint if he can cure any of the above-described deficiencies.

## III. CONCLUSION

For the reasons set forth above, the Court will (1) grant the plaintiff leave to proceed *in forma pauperis*, (2) dismiss the complaint without prejudice because it fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) grant the plaintiff leave to file an amended complaint. An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.